1   AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
    ALLEN MATKINS LECK GAMBLE
2     MALLORY & NATSIS LLP
    One America Plaza
3   600 West Broadway, 27th Floor
    San Diego, California 92101-0903
4   Phone: (619) 233-1155
    Fax: (619) 233-1158
5   E-Mail: awintersheimer@allenmatkins.com

6   STEPHANIE S. ELDER (BAR NO. 299107)
    ALLEN MATKINS LECK GAMBLE
7     MALLORY & NATSIS LLP
    865 South Figueroa Street, Suite 2800
8   Los Angeles, California 90017-2543
    Phone: (213) 622-5555
9   Fax: (213) 620-8816
    E-Mail: selder@allenmatkins.com
10
    Attorneys for Defendant
11  DELTA AIR LINES, INC.

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15  ARMANDO GARCIA,                  Case No. 2:20-cv-637
                                     (Los Angeles Superior Court
16              Plaintiff,           Case No. 19STCV01916)

17       v.                          **NOTICE OF REMOVAL OF ACTION
                                     UNDER 28 U.S.C. § 1441(b)
18  DELTA AIR LINES, INC., a         (DIVERSITY)**
    Corporation,
19  NANCY PERONG, an individual, and Complaint Filed:  January 24, 2019
    DOES 1 through 50, inclusive,
20
                Defendants.
21

22       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23       PLEASE TAKE NOTICE that Defendant Delta Air Lines, Inc. ("Delta")

24  hereby removes to the United States District Court for the Central District of

25  California, the action pending in the Superior Court of the State of California in and

26  for the County of Los Angeles, Case No. 19STCV01916, and states as follows:

27       1.    On January 24, 2019, an action was commenced in the Superior Court

28  of the State of California in and for the County of Los Angeles ("Superior Court")

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

                                                          NOTICE OF REMOVAL

893307.01/SD

1  entitled "Armando Garcia, Plaintiff v. Delta Air Lines, Inc., a Corporation, Nancy

2  Perong, an individual, and DOES 1 through 50, inclusive, Defendants," as Case

3  Number 19STCV01916 ("Action").

4        2.      Service of the Summons and Complaint in this Action ("Complaint")

5  was completed on Defendant Delta Air Lines, Inc. on February 1, 2019 by way of

6  personal service on Corporation Service Company, Delta's agent for service of

7  process.  Cal. Civ. Proc. Code § 416.10.  Copies of all court documents served on

8  Delta, including the Summons, Complaint, Civil Case Cover Sheet, Civil Case

9  Cover Sheet Addendum and Statement of Location, and Notice of Case Assignment,

10  are attached hereto as Exhibit "A".

11        3.      On March 4, 2019, based on an inability to adequately meet and confer

12  with Plaintiff's counsel regarding a potential demurrer to Plaintiff's Complaint,

13  defendant Delta filed a Declaration re: Good Faith Attempt to Meet and Confer

14  Pursuant to Code of Civil Procedure § 430.41(a)(2), a true and correct copy of

15  which is attached hereto as Exhibit "B".

16        4.      On March 22, 2019, Plaintiff served defendant Delta with a Notice of

17  Case Management Conference and OSC Re: Proof of Service, a true and correct

18  copy of which is attached hereto as Exhibit "C".

19        5.      On March 29, 2019, Plaintiff filed his First Amended Complaint adding

20  additional facts surrounding the allegations as to individual defendant Nancy

21  Perong.  Attached hereto as Exhibit "D" is a true and correct copy of Plaintiff's First

22  Amended Complaint.

23        6.      Attached hereto as Exhibit "E", is a true and correct copy of a

24  Stipulation and Order Allowing the Filing of Second Amended Complaint dated

25  April 30, 2019.

26        7.      On May 23, 2019, Plaintiff filed his Second Amended Complaint

27  including the exhibits inadvertently omitted with the filing of his First Amended

28  Complaint, a true and correct copy of which is attached hereto as Exhibit "F".

8. Attached hereto as Exhibit "G", are true and correct copies of the parties' Case Management Statements dated June 10, 2019.

9. Thereafter, individual defendant Nancy Perong ("Perong") was served with the various state court documents, including Plaintiff's Second Amended Complaint, by way of Notice and Acknowledgement of Receipt, executed on or about June 12, 2019. A true and correct copy of the Notice and Acknowledgment of Receipt is attached hereto as Exhibit "H".

10. On June 27, 2019, Delta filed its Answer to the Second Amended Complaint with the Superior Court. Attached hereto as Exhibit "I" is a true and correct copy of Delta's Answer.

11. On June 28, 2019, Plaintiff served a Notice of Continued Case Management Conference, a true and correct copy of which is attached hereto as Exhibit "J".

12. On or about July 11, 2019, Perong filed a Demurrer to Plaintiff's Second Amended Complaint as to the claim for Intentional Infliction of Emotional Distress, which cannot properly be brought against an individual defendant. Attached hereto as Exhibit "K" are true and correct copies of Perong's Demurrer to Plaintiff's Second Amended Complaint, Plaintiff's Opposition and Perong's Reply.

13. On August 26, 2019, Plaintiff served Defendants with a Notice of Continued Case Management Conference, a true and correct copy of which is attached hereto as Exhibit "L".

14. On January 7, 2020, defendant Perong's Demurrer came on for hearing. The Court sustained defendant Perong's demurrer to the Seventh Cause of Action for Intentional Infliction of Emotional Distress without leave to amend, and dismissed defendant Perong from the lawsuit in its entirety. Attached hereto as Exhibit "M" is a true and correct copy of the Notice of Ruling Sustaining Defendant Nancy Perong's Demurrer to the Second Amended Complaint without Leave to Amend dated January 8, 2020.

15.   On or about January 14, 2020, a Judgment of Dismissal was entered by the Court in favor of Nancy Perong.  Attached hereto as Exhibit "N" are true and correct copies of the signed Judgment of Dismissal and the Court's Minute Order dated January 14, 2020.

16.   Delta's removal is timely in that this Notice of Removal is filed within thirty (30) days of the Court's ruling on Perong's demurrer, which dismissed Perong from the lawsuit, and from which the Action became removable due to the dismissal of the only individual defendant from the Action.  28 U.S.C. § 1446(b)(3).  In addition, no other defendants are required to join in this Notice of Removal because there are no other defendants that have been named or served that have not been dismissed.

17.   This Court has original jurisdiction over this Action under 28 U.S.C. § 1332.  This Action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the amount in controversy, as alleged by Garcia in his Second Amended Complaint, is in excess of $75,000, exclusive of interest and costs.  Plaintiff's Second Amended Complaint among other things, seeks an unspecified amount of damages, including actual damages and attorneys' fees, loss of earnings, loss of employment benefits, emotional distress damages, as well as exemplary and punitive damages, in connection with his pled causes of action.  (*See* Exhibit F, SAC ¶¶ 40-43, 51-54, 62-65, 71-74, 82-84, 89-91, and Prayer for Relief.)

18.   It is well settled that in determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), a court should consider the aggregate amount of the claims and value of the claims.  *Banta v. Am. Med. Response Inc.,* 2011 U.S. Dist. LEXIS 77558 (C.D. Cal. July 15, 2011).  The amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if the plaintiff were to prevail, including future lost wages and benefits.  *Chavez v. JP Morgan Chase & Co.,* 888 F. 3d 413, 414-

1  415 (9th Cir. 2018).  Plaintiff claims that he lost wages in the form of an unpaid

2  leave of absence for an eleven (11) month period of time.  In addition to economic

3  damages, Plaintiff also seeks recovery for damages related to alleged emotional

4  distress, which in discrimination cases such as this, can often exceed the amounts

5  sought in economic damages.

6       19.    In determining whether the jurisdictional minimum is met, courts

7  consider all recoverable damages, not just economic and emotional distress damages

8  but also including actual and punitive damages.  *Bell v. Preferred Life Assurance*

9  *Soc'y*, 320 U.S. 238 (1943).  Courts must also include attorneys' fees recoverable by

10  statute, which are sought in the Plaintiff's Second Amended Complaint.  *Fritsch v.*

11  *Swift Transp. Co. of Arizona, LLC*, 899 F. 3d 785, 794 (9th Cir. 2018).  Here, based

12  on both the express language and a reasonable reading of the Second Amended

13  Complaint, and in light of relevant authority in determining the amount in

14  controversy, Plaintiff's demand for damages is well in excess of $75,000.[1]

15       20.    Delta is informed and believes that Garcia was employed by Delta in

16  Los Angeles County and is a citizen of the State of California, who resides in the

17  city of Norwalk, California.

18       21.    Delta is currently, and was at the time of filing of the Complaint, a

19  corporation formed under the laws of the State of Delaware, having its principal

20  place of business in the State of Georgia, Fulton County.  Delta's corporate

21  headquarters are located in Atlanta, Georgia, which is where the majority of its

22  executive and administrative functions are performed.

23       22.    Promptly after filing this Notice of Removal, Delta will serve all

24  adverse parties with the Notice to Superior Court and Adverse Parties of Removal to

25  Federal Court.  A copy of this Notice is attached hereto as Exhibit "O".

26

27  [1]  By estimating the amount Plaintiff is seeking to recover, Delta does not concede

28  that Plaintiff will prevail on any claim or that, if he were to prevail, he would be
entitled to damages in any particular amount or at all.  Delta reserves the right to
dispute Plaintiff's claims with respect to both liability and damages.

23.     Exhibits "A" through "O" to this Notice of Removal constitute all process, pleadings and orders served upon Delta in this action, or filed by Delta with the Superior Court.

Dated:  January 22, 2020

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP


By:     /s/Amy Wintersheimer Findley

AMY WINTERSHEIMER FINDLEY
STEPHANIE S. ELDER
Attorneys for Defendant
DELTA AIR LINES, INC.

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is One America Plaza, 600 West Broadway, 27th Floor, San Diego, California 92101-0903.

On January 22, 2020, I served the within document(s) described as:

- **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

on the interested parties in this action as stated below:

| | |
|---|---|
| Marqui Hood, Esq. | Attorneys for Plaintiff ARMANDO GARCIA |
| Molly F. Durkin, Esq. | |
| DURKIN & HOOD, LLP | |
| 8840 Wilshire Blvd., Ste. 207 | Telephone:  (310) 358-3260 |
| Beverly Hills, CA 90211 | Facsimile:  (310) 861-1378 |
| | Email: |
| | mhood@durkinandhood.com |
| | mdurkin@durkinandhood.com |

☒   **BY MAIL:**  I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in San Diego, California for collection and mailing pursuant to the firm's ordinary business practice.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on January 22, 2020, at San Diego, California.

| | |
|---|---|
| Susan L. Salerno | |
| (Type or print name) | (Signature of Declarant) |