# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/24/2019 02:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Rodgers,Deputy Clerk
19STCV01916

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DELTA AIR LINES, INC., a Corporation, NANCY PERONG, an
individual, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARMANDO GARCIA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>19STCV01916 |

**Central District**

111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marqui Hood, Durkin & Hood LLP, 8840 Wilshire Blvd., Ste. 207, Beverly Hills, CA 90211, 310-358-3260

Sherri R. Carter Executive Officer / Clerk of Court

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 01/24/2019 | Clerk, by<br>*(Secretario)* Holly Rodgers | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   Delta Air Lines, Inc., a Corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Case 2:20-cv-00637-DMG-PJW   Document 1-1   Filed 01/22/20   Page 3 of 30   Page ID #:10
Electronically FILED by Superior Court of California, County of Los Angeles on 01/24/2019 02:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Rodgers,Deputy Clerk
19STCV01916

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Lia Martin

1  Marqui Hood (SBN #214718)
   Molly F. Durkin (SBN #246043)
2  **DURKIN & HOOD, LLP**
   8840 Wilshire Blvd., Ste. 207
3  Beverly Hills, CA 90211
4  (310) 358-3260
   (310) 861-1378 (fx)
5  mhood@durkinandhood.com
   mdurkin@durkinandhood.com
6
7  Attorneys for Plaintiff
   ARMANDO GARCIA

8
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                   **FOR THE COUNTY OF LOS ANGELES**
10

11                                    ) Case No.:  19STCV01916
12  ARMANDO GARCIA,                   )
                                      ) **COMPLAINT:**
13                                    )
          Plaintiff,                  ) 1.  **DISABILITY DISCRIMINATION**
14                                    )     **(Govt. Code § 12940(a))**
                                      ) 2.  **FAILURE TO ACCOMMODATE**
15        v.                          )     **(Govt. Code § 12940(m))**
                                      ) 3.  **FAILURE TO ENGAGE IN THE**
16                                    )     **INTERACTIVE PROCESS**
                                      )     **(Govt. Code § 12940(n))**
17  DELTA AIR LINES, INC., a Corporation, ) 4.  **RETALIATION ((Govt. Code §**
    NANCY PERONG, an individual, and  )     **12940 et seq.)**
18  DOES 1 through 50, inclusive,     ) 5.  **FAILURE TO PREVENT**
                                      )     **DISCRIMINATION**
19                                    ) 6.  **FORCED UPAID LEAVE IN**
                                      )     **VIOLATION OF PUBLIC POLICY**
20        Defendants.                 ) 7.  **INTENTIONAL INFLICTION OF**
                                      )     **EMOTIONAL DISTRESS**
21                                    )
                                      )
22                                    ) **JURY TRIAL DEMANDED**
                                      )
23                                    )
                                      )
24                                    )
                                      )
25                                    )
                                      )
26                                    )
                                      )
27                                    )
28

                              1
                        **COMPLAINT**

**PRELIMINARY STATEMENT**

The purpose of the Fair Employment and Housing Act is to allow workers, like flight attendant Armando Garcia, who suffer from debilitating medical conditions to get back to work by utilizing reasonable accommodations that do not cause their employers undue hardship.  Here, Defendant Employer Delta flouted that purpose when it needlessly and unreasonably refused Plaintiff's proposed reasonable accommodation for "aesthetic reasons," thereby forcing Plaintiff Armando Garcia onto unpaid leave for almost a year before reversing course by approving the very accommodation – an athletic shoe -- that Plaintiff had initially proposed to accommodate his disability.

Plaintiff Armando Garcia alleges:

**GENERAL ALLEGATIONS**

1.      Plaintiff Armando Garcia is an employee of Defendant Delta Air Lines, Inc., and resident of the State of California.

2.      Plaintiff is informed and believes and on that basis alleges that Defendant Delta Air Lines, Inc., (hereinafter "Delta" or "Defendant Employer") is and at all relevant times was an employer conducting business within the State of California, that it maintained a place of business in Los Angeles County, California and that it employed more than five persons and was an employer as defined in the California Fair Employment and Housing Act ("FEHA").

3.      Plaintiffs are informed and believe and on that basis allege that Defendant Nancy Perong , an individual domiciled in Los Angeles County, California, is a supervisory employee of Defendant Delta and had supervisory authority over Plaintiff.

4.      Plaintiff is informed and believes and on that basis alleges that Defendant Delta maintained its corporate policies and all records relevant to the practices at issue in this action at its principal place of business located in Los Angeles County, California.

5.      Plaintiff sues fictitious Defendants DOES 1 through 50, inclusive, pursuant to California Code of Civil Procedure section 474 because Plaintiff does not know their true names and/or capacities, and upon ascertainment, will amend this Complaint with their true names and capacities.  Plaintiff is informed and believes and on that basis alleges that each of said fictitiously

**COMPLAINT**

1   named Defendants is responsible in some manner for the occurrences herein alleged, and that

2   Plaintiff's damages were proximately caused by their conduct.

3         6.     Plaintiff is informed and believes and on that basis alleges that at all times

4   mentioned herein, each of the individual Defendants was in part acting within the course and scope

5   of his or her employment and was, at least in part, serving a purpose of his or her own in carrying

6   out the above conduct against the Plaintiff and in so doing was motivated by malice and ill will

7   toward Plaintiff.

8         7.     Plaintiff is informed and believes and on that basis alleges that at all times

9   mentioned herein, each of the Defendants was acting in the employ of the other Defendants, and

10  that said conduct was authorized and ratified by each of said Defendants and its principals.

11  **FACTUAL ALLEGATIONS**

12        8.     Plaintiff Garcia began working for Delta as a Flight Attendant in June 2007. As a

13  flight attendant, Plaintiff Garcia was responsible for assisting passengers with their various needs,

14  pushing a heavy service cart up and down the aisle to provide food and beverages to customers and

15  assisting the flight crew as necessary. He was also responsible for the safety of passengers in

16  dangerous or emergency conditions. It was a demanding job and Plaintiff Garcia spent most of his

17  working hours on his feet.

18        9.     In June 2016, Plaintiff Garcia sustained serious injuries to his back, legs and feet

19  during a botched airplane landing.

20        10.    When Plaintiff Garcia sought medical treatment for his injuries, his doctor pulled

21  him from work. Plaintiff Garcia hoped that with time and physical therapy, his injuries would heal

22  sufficiently to allow him to return to his physically demanding job as a flight attendant.

23        11.    Plaintiff Garcia was not medically released back to work until March 2017. After

24  retraining on various issues, Plaintiff Garcia resumed work as a flight attendant in May 2017.

25        12.    Unfortunately, however, as soon as Plaintiff Garcia returned to work and assumed

26  his former duties, he began experiencing pain in his feet again. He consulted with his doctor, who

27  prescribed painkillers and cortisone injections, neither of which successfully prevented Plaintiff

28  Garcia's foot pain.

3
**COMPLAINT**

13. Plaintiff Garcia's doctor recommended that he wear tennis shoes to work to provide better arch support in hopes that would decrease the pain. Plaintiff Garcia's doctor provided him with a medical note setting forth the tennis shoe accommodation to provide to Delta.

14. On May 25, 2016, Plaintiff spoke with Randy Watkins in Delta's Inflight Administrative Services Department to request the accommodation. On May 25, 2016, Plaintiff Garcia emailed a copy of his doctor's note to Mr. Watkins. Mr. Watkins told Plaintiff Garcia that Delta does not provide job accommodations for Flight Attendants. He summarily refused Plaintiff Garcia's accommodation request. After Plaintiff Garcia protested that Delta had an obligation to make reasonable accommodations for its disabled employees, Mr. Watkins agreed to forward his request to Annelyse Greene Sanders in Delta's Accommodations Department.

15. Because his requested accommodation was refused, Plaintiff Garcia was unable to return to work.

16. On June 7, 2017, Plaintiff Garcia received a request for additional information regarding his accommodations request. He quickly provided Delta with updated medical information. On June 23, 2017, Ms. Sanders informed Plaintiff Garcia that she had received his medical documentation and would begin the accommodation assessment review.

17. Shortly thereafter, Plaintiff Garcia participated in a conference call with Ms. Sanders, Ms. Perong and other participants in the interactive process. Plaintiff Garcia proposed a shoe called the "Condor" and provided Ms. Sanders, Ms. Perong and the other participants with the website where the shoe could be purchased, shoesforcrews.com, for review. After review, Ms. Sanders and Ms. Perong rejected the Condor shoe for aesthetic reasons, including that the shoe leather was not smooth, the shoe was not made from a solid piece of leather and other aesthetic objections.

18. On July 19, 2017, Plaintiff Garcia emailed Ms. Sanders asking that she reconsider Condor. He also proposed a second shoe, the Kinetic, noting that it was specifically designed for his medical condition.

19. Ms. Perong rejected the Kinetic, again for aesthetic reasons. Ms. Perong proposed alternative shoes, none of which were tennis shoes and none of which were specifically designed

4

**COMPLAINT**

for Plaintiff Garcia's medical condition. The alternative shoes suggested by Ms. Perong were almost identical looking to the Condor shoe that Plaintiff Garcia had proposed, but were not specifically recommended for his particular foot condition. By suggesting these alternative shoes, Ms. Perong intentionally and maliciously denied Plaintiff Garcia a reasonable accommodation that would have allowed him to return to work.

20.    Plaintiff Garcia later provided Delta with a side by side picture of the two shoes to demonstrate that they were aesthetically almost identical, but Defendant Perong disregarded the photograph and continued to insist on alternative shoes that were not designed for Plaintiff's medical condition.

21.    After Plaintiff Garcia had been out of work without pay for almost two months, he informed Delta that he intended to file a charge with the Equal Opportunity Employment Commission ("EEOC") and did so on August 1, 2017.

22.    Ms. Sanders and Ms. Perong continued to insist that Plaintiff Garcia consider the alternative shoes, which they claimed looked more like "dress shoes", despite the fact that Ms. Perong's alternative shoes selections were not consistent with Plaintiff Garcia's doctor's recommendation.

23.    When Plaintiff Garcia reviewed the shoes proposed by Ms. Perong with his doctor, however, his doctor was unable to discern whether the shoes had a soft or hard sole, so he was unable to approve any of the proposed shoes. Plaintiff Garcia informed Ms. Perong and Ms. Sanders that his physician was unable to conclude that any of shoes proposed by Delta would accommodate his condition.

24.    In September 2017, the EEOC invited Plaintiff Garcia and Delta to participate in a mediation. The mediation occurred in October. Plaintiff Garcia was hopeful that this process would resolve his issues but unfortunately it did not. After concluding that an EEOC-brokered solution was not going to come to fruition, Plaintiff Garcia re-initiated the interactive process in March 2018.

25.    On March 5, 2018, Plaintiff Garcia asked Delta to again reconsider the Condor or the Kinetic. He also decided to try one of Delta's proposed shoes in the interim. Because he had

5

**COMPLAINT**

been on unpaid leave for such an extensive period of time, Delta's more expensive shoe proposal was a hardship for Plaintiff Garcia. As a result, he requested Delta pay for the shoe.

26.    After negotiating the cost issue, Plaintiff Garcia ordered one of Delta's proposed shoes and wore it around his house for seven days. The shoe, however, lacked adequate support and did not mitigate Plaintiff's foot pain. On April 4, 2018, Plaintiff Garcia notified Delta that the shoe did not accommodate his condition and requested to continue the interactive process to identify a reasonable accommodation that would allow him to return to work. Plaintiff Garcia emailed Ms. Sanders two additional shoes that would accommodate his condition. He again asked Delta to reconsider its refusal to allow him to wear either the Condor shoe that he had originally proposed.

27.    On April 25, 2018, Ms. Sanders told Plaintiff Garcia that his request to be accommodated with the Condor and/or the Kinetic athletic shoe was under review.

28.    On May 2, 2018, Delta reversed its decision not to approve the Condor:  Ms. Sanders informed Plaintiff Garcia that the Condor – the shoe that he had first proposed eleven months before in June 2017 -- was approved as a reasonable accommodation. Delta made no effort to explain why it had forced Plaintiff Garcia off work for almost a year when the first accommodation he proposed – the Condor shoe – was in fact a reasonable accommodation.

29.    Thereafter, Plaintiff Garcia returned to work at Delta as a flight attendant. The Condor shoe helped significantly with his foot pain. He has been using the shoe without incident since his return to work. He continues to suffer from the financial and emotional hardship of being needlessly forced out of work for almost a year.

30.    Within the time provided by law, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). On or about August 1, 2017, Plaintiff received a right-to-sue letter from the California Department of Fair Employment and Housing (DFEH), stating that the EEOC would be responsible for the processing of his charge. Such letter is attached hereto as *Exhibit A*.

31.    Pursuant to Government Code section 12965(d), the deadline to file a civil action under the California Fair Employment and Housing Act was tolled during the pendency of the

6

**COMPLAINT**

1   EEOC's investigation of Plaintiff's complaint.

2         32.   The EEOC conducted an investigation into Plaintiff's charge.  On or about October

3   25, 2018, Plaintiff received a right-to-sue notice from the EEOC.  Such letter is attached hereto as

4   *Exhibit B.*

5         33.   The herein cited actions of Defendants against Plaintiff were done with malice,

6   fraud, or oppression, and in reckless disregard of Plaintiff's rights under the authorities stated

7   herein below, including the Fair Employment and Housing Act.

8   **FIRST CAUSE OF ACTION**

9   **(DISABILITY DISCRIMINATION AGAINST DEFENDANT EMPLOYER)**

10         34.   Plaintiff repleads, realleges and incorporates by reference each and every allegation

11   set forth in this Complaint.

12         35.   At all times mentioned in this complaint, the California Fair Employment and

13   Housing Act, Government Code § 12940 *et seq.* was in full force and effect and was binding on

14   Defendant Delta.  These sections require Defendant to refrain from discriminating against any

15   employee on the basis of a physical or mental disability, among other things.

16         36.   Plaintiff suffered from a qualifying disability, namely, his debilitating foot condition,

17   as alleged hereinabove.

18         37.   Plaintiff was competently performing his job duties with Defendant Delta and could

19   continue to do so with reasonable accommodation, including but not limited to the Condor shoe that

20   was eventually approved by Delta.

21         38.   Plaintiff believes and thereon alleges that his disability, and/or his need for

22   accommodations were a factor in Defendant Delta's decision to take adverse action against him,

23   including but not limited to forcing him onto unpaid leave for almost a year, as described

24   hereinabove.

25         39.   Such discrimination is in violation of Government Code 12940, *et seq.* and has

26   resulted in damage and injury to Plaintiff as alleged herein.

27         40.   As a proximate result of Defendant's willful, knowing and intentional discrimination

28   against Plaintiff, he has sustained substantial losses in earnings and other employment benefits in

1   an amount according to proof.

2       41.    As a proximate result of Defendant's willful, knowing and intentional discrimination

3   against Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, mental and

4   physical pain and anguish, all to his damage in a sum according to proof.

5       42.    Defendants, and each of them, acted for the purpose of causing Plaintiff to suffer

6   financial loss and severe emotional and physical distress and are guilty of oppression and malice,

7   justifying an award of exemplary and punitive damages.

8       43.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

9   Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

10   court to amend this complaint when the amounts are more fully known.

11       44.    Plaintiff requests that injunctive relief be issued requiring Defendant Delta to cease

12   and desist from any discriminatory practices and to take action, including but not limited to hiring,

13   reinstatement or upgrading of employees to effectuate the purposes of Government Code 12940, *et*

14   *seq.*

15   ## SECOND CAUSE OF ACTION

16   ## (FAILURE TO ACCOMMODATE AGAINST DEFENDANT EMPLOYER)

17       45.    Plaintiff repleads, realleges and incorporates by reference each and every allegation

18   set forth in this Complaint.

19       46.    At all times mentioned in this complaint, the California Fair Employment and

20   Housing Act, Government Code § 12940 *et seq.* was in full force and effect and was binding on

21   Defendant Delta.  These sections require Defendant to make reasonable accommodations for the

22   disability of any employee, among other things.

23       47.    Plaintiff suffered from a qualifying disability, as alleged hereinabove.

24       48.    Plaintiff requested a reasonable accommodation for his disability, i.e., that he be

25   allowed to wear athletic shoes – the Condor shoe, specifically.  Defendant refused to allow him to

26   the wear the Condor shoe, thereby forcing him to take unpaid leave for nearly a year, when in fact

27   the Condor shoe was a reasonable accommodation, as demonstrated by Delta's decision to allow

28   him to wear the Condor after he was out of work for 11 months.

**COMPLAINT**

49.     Plaintiff could have performed the essential duties of his job with reasonable accommodation, including but not limited to being allowed to wear the Condor shoe.

50.     Such failure to accommodate is in violation of Government Code 12940, *et seq.* and has resulted in damage and injury to Plaintiff as alleged herein.

51.     As a proximate result of Defendants' willful, knowing and intentional failure to accommodate Plaintiff, he has sustained substantial losses in earnings and other employment benefits in an amount according to proof.

52.     As a proximate result of Defendants' willful, knowing and intentional failure to accommodate Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, mental and physical pain and anguish, all to his damage in a sum according to proof.

53.     Defendants, and each of them, acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

54.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

55.     Plaintiff requests that injunctive relief be issued requiring Defendant Delta to cease and desist from any discriminatory practices and to take action, including but not limited to hiring, reinstatement or upgrading of employees to effectuate the purposes of Government Code 12940, *et seq.*

### THIRD CAUSE OF ACTION

### (FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### AGAINST DEFENDANT EMPLOYER)

56.     Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in this Complaint.

57.     At all times herein mentioned, Government Code sections 12940, *et seq.*, were in full force and effect and were binding on Defendant Delta. These sections require Defendant to engage in an interactive process of communication with Plaintiff regarding possible reasonable

9

**COMPLAINT**

accommodations for his known disability.

58.     Plaintiff suffered from a qualifying disability, as alleged herein above.

59.     Plaintiff required reasonable accommodation for his disability, including but not limited to being allowed to wear athletic shoes, specifically the Condor shoe, but Defendant Delta failed to engage in a timely, good faith interactive process to determine effective reasonable accommodation for Plaintiff's disability.

60.     Plaintiff could have performed the essential duties of his job with reasonable accommodation, including but not limited to being allowed to wear athletic shoes, namely the Condor shoe.

61.     Such failure to engage in the interactive process is in violation of Government Code 12940, et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

62.     As a proximate result of Defendants' willful, knowing and intentional failure to engage in the interactive process with Plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof.

63.     As a proximate result of Defendants' willful, knowing and intentional failure to engage in the interactive process with Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, mental and physical pain and anguish, all to his damage in a sum according to proof.

64.     Defendants, and each of them, acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

65.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

66.     Plaintiff requests that injunctive relief be issued requiring Defendant Delta to cease and desist from any discriminatory practices and to take action, including but not limited to hiring, reinstatement or upgrading of employees to effectuate the purposes of Government Code 12940, et seq.

**COMPLAINT**

## FOURTH CAUSE OF ACTION

## (RETALIATION (GOVERNMENT CODE § 12940)

## AGAINST DEFENDANT EMPLOYER)

67.   Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in this Complaint, as through fully set forth herein.

68.   At all times mentioned in this complaint, the California Fair Employment and Housing Act, Government Code § 12940 *et seq.* was in full force and effect and was binding on Defendant Employer.  These sections prohibit employers from taking adverse action or otherwise discriminating against employees because they requested accommodations or raised complaints about discrimination or retaliation, among other things.

69.   During the course of Plaintiff's employment with Defendant Employer, he engaged in protected activity, namely requesting accommodations for his disability, and complained to Defendants, and each of them, that he felt he was being discriminated against and/or retaliated against for being disabled and/or requesting accommodations for his disability.  As alleged above, Defendant Delta retaliated against Plaintiff for requesting accommodations and/or complaining of discrimination and/or retaliation by refusing to allow him to return to work by maliciously denying a reasonable accommodation that Delta knew was not an undue hardship.

70.   Such retaliation was in violation of Government Code sections 12940, *et seq.* and the public policy embodied, and has resulted in damage and injury to the Plaintiff as alleged herein.

71.   As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, he has sustained a substantial losses in earnings and other employment benefits in an amount according to proof.

72.   As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, mental and physical pain and anguish, all to his damage in a sum according to proof.

73.   Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

11

**COMPLAINT**

74.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

75.     Plaintiff requests that injunctive relief be issued requiring Defendant Employer to cease and desist from any discriminatory practices and to take action, including but not limited to hiring, reinstatement or upgrading of employees to effectuate the purposed of Government Code 12940, *et seq.*

## FIFTH CAUSE OF ACTION

### (FAILURE TO PREVENT DISCRIMINATION & RETALIATION

### AGAINST DEFENDANT EMPLOYER)

76.     Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in this Complaint, as though fully set forth herein.

77.     At all times mentioned in this complaint, Government Code sections 12940, *et seq.* were in full force and effect and were binding on Defendant Delta.   These sections require Defendant to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in its workplace, among other things.

78.     During the course of Plaintiff's employment, Defendant discriminated and/or retaliated against Plaintiff on the basis of his disability and/or his requests to engage in the interactive process and to be granted reasonable accommodation, as alleged hereinabove.

79.     During the course of Plaintiff's employment, Defendant retaliated against Plaintiff on the basis of his protected complaints regarding Defendant Delta's discriminatory response to his disability and/or his requests to engage in the interactive process and to be granted reasonable accommodation, as alleged hereinabove.

80.     Defendant Delta was aware of the discrimination and retaliation to which the Plaintiff was subjected and failed to take all reasonable steps necessary to prevent such discrimination from occurring.

81.     Such failure to prevent discrimination and/or retaliation was in violation of Government Code sections 12940, *et seq.* and the public policy embodied therein, and have resulted

12

**COMPLAINT**

1     in damage and injury to the Plaintiff as alleged herein.

2          82.    As a proximate result of Defendant's willful, knowing and intentional failure to

3     prevent discrimination of Plaintiff, he has suffered and continues to suffer humiliation, emotional

4     distress, mental and physical pain and anguish, all to his damage in a sum according to proof.

5          83.    Defendants and each of them acted for the purpose of causing Plaintiff to suffer

6     financial loss and severe emotional distress and physical distress and are guilty of oppression and

7     malice, justifying an award of exemplary and punitive damages.

8          84.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

9     Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

10    court to amend this complaint when the amounts are more fully known.

11         85.    Plaintiff requests that injunctive relief be issued requiring Defendant Delta to cease

12    and desist from any discriminatory practices and to take action, including but not limited to hiring,

13    reinstatement or upgrading of employees to effectuate the purposes of Government Code 12940, *et*

14    *seq.*

15                          **SIXTH CAUSE OF ACTION**

16                    **(ADVERSE ACTION IN VIOLATION OF PUBLIC POLICY**

17                          **AGAINST DEFENDANT EMPLOYER)**

18         86.    Plaintiff repleads, realleges and incorporates by reference each and every allegation

19    set forth in this Complaint, as though fully set forth herein.

20         87.    At all times herein mentioned, the California Government Code section 12940, *et*

21    *seq.* were in full force and effect and was binding on Defendant Delta. These authorities state the

22    clear public policy of the State of California to require Defendant Employer to refrain from

23    discriminating against Plaintiff on the basis of his disability or failing to accommodate a disability,

24    or retaliating against Plaintiff for making protected complaints of disability discrimination.

25         88.    Plaintiff believes and thereon alleges that Defendants were motivated to force him

26    onto extended unpaid leave on grounds that violate Govt. Code §12940 *et seq.* as set forth above.

27         89.    As a proximate result of Defendant Employer's willful, knowing and intentional

28    disability discrimination and failure to accommodate Plaintiff, Plaintiff has sustained sustain

                                        13
                                   **COMPLAINT**

1    substantial losses in earnings and other employment benefits in an amount according to proof.

2         90.    As a proximate result of Defendant Employer's willful, knowing and intentional

3    disability discrimination and failure to accommodate Plaintiff, Plaintiff has suffered and continues

4    to suffer humiliation, emotional distress, mental and physical pain and anguish, all to his damage in

5    a sum according to proof.

6         91.    Defendant Employer acted for the purpose of causing Plaintiff to suffer financial loss

7    and severe emotional distress and physical distress and is guilty of oppression and malice,

8    justifying an award of exemplary and punitive damages.

9         92.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

10   Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

11   court to amend this complaint when the amounts are more fully known.

12                              **SEVENTH CAUSE OF ACTION**

13                     **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

14                            **AGAINST DEFENDANT PERONG)**

15        93.    Plaintiff repleads, realleges and incorporates by reference each and every allegation

16   set forth in this Complaint, as though fully set forth herein.

17        94.    Defendant Perong engaged in extreme and outrageous conduct when she knowingly

18   and intentionally discriminated against Plaintiff on the basis of his disability by forcing Plaintiff off

19   of work for almost a year instead of allowing him to utilize the reasonable accommodation he

20   proposed. Defendant Perong claimed to have rejected Plaintiff Garcia's proposed accommodation

21   for purely aesthetic reasons and then proposed, in the alternative, a shoe that was not designed for

22   Plaintiff's medical condition but was aesthetically almost identical to the shoe Plaintiff proposed.

23   Both shoes were black, leather, lace ups, but Defendant Perong continued to insist on alternative

24   shoes that were not designed for Plaintiff's medical condition.  In so doing, Defendant Perong

25   abused her supervisory power over Plaintiff and exercised it in an intentional and malicious

26   manner, knowing that her actions would cause mental distress to Plaintiff by denying him his

27   livelihood and forcing him on to unnecessary disability leave from his job as a flight attendant.

28        95.    Defendant Perong, in acting as alleged above, intended to cause Plaintiff Garcia

                                            14
                                        **COMPLAINT**

1   emotional distress or acted with reckless disregard of the probability that Plaintiff Garcia would

2   suffer emotional distress.

3       96.     Plaintiff Garcia did suffer extreme emotional distress as a result of Defendant

4   Perong's actions as alleged above.

5       97.     Defendant Perong's conduct, as alleged above, was a substantial factor in causing

6   Plaintiff Garcia severe emotional distress.

7       98.     As a proximate result of Defendant Perong's willful, knowing and intentional acts,

8   Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental and physical

9   pain and anguish, all to his damage in a sum according to proof.

10                              **PRAYER FOR RELIEF**

11      WHEREFORE, Plaintiff prays for judgment as follows:

12      1.      For compensatory damages, including lost earnings and other employment benefits

13  in an amount according to proof;

14      2.      For damages for emotional distress, humiliation and mental anguish in an amount

15  according to proof;

16      3.      For punitive damages in an amount appropriate to punish Defendants and to deter

17  others from engaging in similar conduct;

18      4.      For equitable and/or injunctive relief;

19      5.      For pre and post judgment interest as allowed by law;

20      6.      For attorneys' fees and costs of suit incurred herein pursuant to California

21  Government Code § 12965(b) and any other applicable statute or regulation;

22      7.      For such other and further relief as the Court may deem just and proper.

23  Plaintiff requests a trial by jury on all issues so triable.

24

25  Dated: January 14, 2019                     DURKIN AND HOOD, LLP

26

27                              By: _____

28                                  MARQUI HOOD
                                    Attorneys for Plaintiff

                                        15
                                    **COMPLAINT**

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Ryan D. Langel                     EEOC Number    480-2017-02549
Special Counsel                 Case Name      Armando Garcia
DELTA AIRLINES               Filing Date       August 1, 2017
1030 Delta Boulevara
Atlanta, GA 30354

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH), a state agency, and the United States Equal Employment Opportunity Commission (EEOC), a federal agency. The complaint will be filed in accordance with California Government Code section 12960. The notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your state Right to Sue notice. **This state Right to Sue Notice allows you to file a private lawsuit**. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice or, pursuant to Government Code section 12965, subdivision (d)(2), 90 days from receipt of the **federal** right-to-sue letter from the EEOC, whichever is later. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

(Revised 11/2016)

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Los Angeles District Office

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
TTY (213) 894-1121
FAX (213) 894-1118

Armando Garcia
11646 Spry St.
Norwalk, CA 90650

Re:   Armando Garcia v. Delta Airlines
      EEOC Charge Number: 480-2017-02549

Mr. Garcia,

The Equal Employment Opportunity Commission has determined that efforts to conciliate this charge as required by the Americans with Disabilities Act of 1990, as amended, have been unsuccessful. This letter constitutes the notice required by 1601.25 of the Equal Employment Opportunity Commission's Procedural Regulations which provides that the Commission shall notify the parties in writing when it determines that further conciliation efforts would be futile or non-productive.

No further efforts to conciliate this case will be made by the Equal Employment Opportunity Commission. The Commission has determined that it will not bring a lawsuit. The issuance of the enclosed Notice of Right to Sue concludes the processing of your charge by the Commission. If you decide to sue, you must file a complaint in Federal District Court within 90 days from the receipt of the Notice of Right to Sue.

On Behalf of the Commission

10 - 25 - 18
Date

Rosa M. Viramontes, District Director /2
Los Angeles District Office

EEOC Form 161-A (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To:   **Armando Garcia**<br>**11646 Spry St**<br>**Norwalk, CA 90650** | From:   **Los Angeles District Office**<br>**255 E. Temple St. 4th Floor**<br>**Los Angeles, CA 90012** |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2017-02549 | **Brandon Mancia,**<br>**Investigator** | **(213) 894-1014** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     10-25-18
**Rosa M. Viramontes,**                  *(Date Mailed)*
**District Director**

Enclosures(s)

cc:   **Ryan D. Langel**              **Molly Durkin**
**Special Counsel**              **DURKIN & HOOD**
**DELTA AIRLINES**              **8840 Wilshire Blvd., Suite 207**
**1030 Delta Blvd**              **Beverly Hills, CA 90211**
**Dept. 981**
**Atlanta, GA 30354**

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Marqui Hood SBN 214718; Molly F. Durkin SBN 246043<br>DURKIN & HOOD, LLP<br>8840 Wilshire Blvd. Ste. 207<br>Beverly Hills, CA 90211<br>   TELEPHONE NO.: (310 358-3260   FAX NO.: (310)861-1378<br>ATTORNEY FOR *(Name)*: Plaintiff Armando Garcia | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Garcia v. Delta Air Lines Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>19STCV01916 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. ☐ Large number of separately represented parties
- b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. ☐ Substantial amount of documentary evidence
- d. ☐ Large number of witnesses
- e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
**4.** Number of causes of action *(specify):* 7
**5.** This case ☐ is ☑ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 14, 2019
Marqui Hood

▶ *(signature)*

(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Garcia v. Delta Air Lines Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 7    ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: Garcia v. Delta Air Lines Inc., et al. | CASE NUMBER 19STCV01916 |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Garcia v. Delta Air Lines Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Garcia v. Delta Air Lines Inc., et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS<br>100 World Way<br>Los Angeles, CA 90045 |
|---|---|

| CITY | STATE | ZIP CODE |
|---|---|---|
| Los Angeles | CA | 90045 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Los Angeles___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___January 14, 2019___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/24/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ H. Rodgers _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV01916 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Lia Martin | 16 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/24/2019 _____
       (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Rodgers _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**