| Case No. | **CV 20-637-DMG (PJWx)** | Date | March 17, 2020 |
|---|---|---|---|

| Title | *Armando Garcia v. Delta Air Lines, Inc., et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS [8]**

This matter is before the Court on Plaintiff's Motion to Remand and Request for Attorneys' Fees and Cost. For the reasons set forth below, the Motion to Remand is **GRANTED** and the Request for Attorneys' Fees and Costs is **DENIED**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On January 24, 2019, Plaintiff Armando Garcia, a California resident, filed a Complaint in Los Angeles County Superior Court against Defendants Delta Air Lines, Inc. and Nancy Perong. Notice of Removal, Ex. A ("Compl.") [Doc. # 1-1]. Against Delta, Plaintiff asserted claims of: (1) disability discrimination, (2) failure to accommodate, (3) failure to engage in the interactive process, (4) retaliation, (5) failure to prevent discrimination, and (6) forced unpaid leave in violation of public policy. *Id.* Plaintiff also asserted a claim of intentional infliction of emotional distress ("IIED") against Perong, who is a California resident. *Id.*

The parties later stipulated to the filing of the operative Second Amended Complaint ("SAC"), and Plaintiff filed the SAC on May 23, 2019. *See id.*, Ex. F ("SAC") [Doc. # 1-6]. Perong filed a Demurrer to the SAC on July 11, 2019. *See id.*, Ex. K [Doc. # 1-11]. The Superior Court sustained the Demurrer without leave to amend and entered a judgment of dismissal on January 14, 2020. *Id.*, Ex. N [Doc. # 1-14].

Defendants then removed the action to this Court on January 22, 2020. Notice of Removal [Doc. # 1]. Defendants assert that this Court has jurisdiction over what remains of the action under 28 U.S.C. section 1332, as this is a now dispute between citizens of different states concerning an amount greater than $75,000.[1]  *Id.* at ¶ 17. Plaintiff filed the instant Motion to

---

[1] Delta is a corporate citizen of Delaware and Georgia. Notice of Removal at ¶ 21.

UNITED STATES DISTRICT COURT　　JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-637-DMG (PJWx)** | Date | March 17, 2020 |
|---|---|---|---|
| Title | *Armando Garcia v. Delta Air Lines, Inc., et al.* | Page | 2 of 4 |

Remand ("MTR") on February 20, 2020, arguing: (1) Delta cannot remove the action because there is no final order from the state court; (2) no voluntary act by Plaintiff made the case removable; and (3) removal was untimely because Defendant should have been able to ascertain that Perong was fraudulently joined from the face of the Complaint. MTR at 5 [Doc. # 8].

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis* (*In re Digimarc Corp. Derivative Litig.*), 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted). The party seeking to remove the case has the burden of showing that removal was proper and that federal jurisdiction exists. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

Under 28 U.S.C. section 1446(b)(1), "[t]he notice of removal . . . shall be filed within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" If removability cannot be determined on the face of the initial pleading, then "a notice of removal may be filed within 30 days after" the defendant receives "a copy of an amended pleading, motion, *order*, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

## III.
## DISCUSSION

**A.　Delta's Removal Was Premature**

Plaintiff argues that Delta removed the action prematurely because the Superior Court's order sustaining Perong's demurrer is not yet "final," since Plaintiff may still appeal the order and the Court of Appeal could reverse the trial court's decision. MTD at 10. Delta disagrees,

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-637-DMG (PJWx)** | Date | March 17, 2020 |
|---|---|---|---|
| Title | *Armando Garcia v. Delta Air Lines, Inc., et al.* | Page | 3 of 4 |

arguing that, under section 1446, its 30-day removal window began when the trial court entered its order on the demurrer. Opp. at 13.

The Ninth Circuit favors Plaintiff's understanding of the law. In *Self v. General Motors Corp.*, the court described a district court's decision to remand a case where "removal was 'premature' because the state appeal process had to be exhausted before [the non-diverse party's] elimination from the case could be deemed truly final." 588 F.2d 655, 656 (9th Cir. 1978). In doing so, the Ninth Circuit approvingly cited to *Saylor v. General Motors Corp.*, in which a district court held that removal on the basis of an order dismissing a non-diverse defendant was premature because it could not "be said that the plaintiff would not have appealed the order of dismissal." 416 F. Supp. 1173, 1175 (E.D. Ky. 1976). Thus, the *Saylor* Court reasoned, "there had been no final elimination of the resident defendant in the state court[,]" which was required for removal. *Id.* Another district court from this circuit has more recently applied *Self*'s reasoning. In *Graybill-Bundgard v. Standard Insurance Co.*, the court found removal to be premature because "[t]he order sustaining [the defendant's] demurrer without leave to amend [was] not a final order dismissing him for the purposes of removal because the state court appellate process ha[d] not been exhausted." 793 F. Supp. 2d 1117, 1119 (N.D. Cal. 2011) (citing *Self*, 588 F.2d at 656). Similarly, the Seventh Circuit has held that "[r]emoval following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to state court." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992) (in the context of a dismissal after summary judgment). That court determined that courts should be "anxious to avoid th[at] sort of yo-yo effect." *Id.*

Delta relies on another district court decision, *Wade v. Johnson & Johnson*, which held that section 1446(b)(3)'s "language itself does not require that the 'order or other paper' be a final appealable order." 54 F. Supp. 3d 1247, 1250 (W.D. Okla. 2014). The parties dispute whether *Wade*'s analysis applies in the present factual context, but even if it did, this Court is bound to follow the Ninth Circuit's guidance to the extent that it conflicts with *Wade*. Accordingly, the Court concludes that Delta removed the action prematurely.

Under California law, Plaintiff can file a notice of appeal within 60 days of being served with notice of the trial court's judgment. *See* Cal. R. Ct. 8.104(a)(1). Plaintiff received notice from the Superior Court on January 22, 2020, meaning that the deadline for him to file a notice of appeal expires on March 23, 2020.[2]

---

[2] The 90th day is March 22, 2020, which is a Sunday. Moreover, these dates do not account for whatever tolling Delta's removal of the action may have on Plaintiff's statutory deadline for appealing. Because Plaintiff

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-637-DMG (PJWx)** | Date | March 17, 2020 |
|---|---|---|---|
| Title | *Armando Garcia v. Delta Air Lines, Inc., et al.* | Page | 4 of 4 |

     Because this analysis is sufficient to resolve the instant motion, the Court need not address Plaintiff's other two purported bases for remand at this time.

**B.    Plaintiff's Request for Attorney's Fees**

     Plaintiff also requests that the Court award him $6,225 in attorney's fees and costs that he incurred in contesting removal. MTR at 15–16. Under 28 U.S.C. section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." A district court may award attorneys' fees under section 1447(c) only when the removing defendant "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). But "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008); *Rangel v. Bridgestone Retail Ops., LLC*, 200 F. Supp. 3d 1024, 1035 (C.D. Cal. 2016) ("Absent unusual circumstances," a district court may award fees pursuant to 28 U.S.C. section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal.").

     Although Delta has not shown that removal was proper here, it did not lack an objectively reasonable basis for removing the case and opposing Plaintiff's motion. Therefore, the Court **DENIES** Plaintiff's request for attorney's fees and costs.

**IV.
CONCLUSION**

     In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's request for attorney's fees and costs. The case is hereby **REMANDED** to the Los Angeles County Superior Court. The March 20, 2020 scheduling conference and hearing on the motion to remand are **VACATED**.

**IT IS SO ORDERED**.

---

undoubtedly has time remaining during which to appeal, and because neither side has made an issue out of when, precisely, Plaintiff's deadline expires, the Court will not address that issue here.